IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. FOREMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05-CV-1134-F |
| | ) | [WO] |
| | ) | |
| SHERIFF JAY JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Eddie L. Foreman, Jr. ["Foreman"], a county inmate, on 30 November 2005. In this complaint, Foreman challenges the constitutionality of actions taken against him during his confinement at the Lee County Detention Facility. He names Jay Jones, the Sheriff of Lee County, Alabama; Major Tolbert, the administrator of the Lee County Detention Facility; Lt. Robinson, an officer at such facility; the Chief of Police for the City of Opelika; Detective Pruitt, an officer for the Opelika Police Department; and Darius Wood, a state inmate, as defendants in this cause of action. Foreman seeks monetary damages from the defendants.

Upon a thorough review of the complaint, the court concludes that Foreman's allegations of excessive bond and slander and his claim against inmate Darius Wood are due to be dismissed with prejudice prior to service of process pursuant to the provisions of

28 U.S.C. § 1915(e)(2)(B)(i).[1]

# I.  DISCUSSION

## A.  *Excessive Bond and False Imprisonment*

On 29 May 2004, an officer with the Opelika Police Department arrested Foreman for third degree robbery.  Foreman complains that a state judge set an excessive bond of $100,000 on the robbery charge, resulting in his false imprisonment pending disposition of this charge.

The bond amount and Foreman's imprisonment occurred due to an order issued by a state court.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation.  *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).  The law of this Circuit directs "'that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982),

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999.

It is clear that the defendants did not issue the order setting bond nor are they empowered with any authority to rescind the order. Moreover, it is clear that the defendants must act in accordance with the orders issued by a state court. Consequently, Foreman has failed to establish the requisite causal connection between the defendants' actions and his claims of excessive bond and false imprisonment.

These claims therefore lack an arguable basis in law and are subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B. *The Slander/Defamation Claim*

Foreman complains that his arrest for robbery has "destroy[ed] his character in the community of Lochopoka, Alabama." *Plaintiff's Complaint* at 3. The court construes this portion of the complaint to allege a claim for slander and defamation against the Opelika defendants. However, this claim is similarly subject to summary dismissal. The law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of either slander or defamation. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990). Thus, this claim for relief is frivolous as it is "based on an

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

indisputably meritless legal theory" and is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

### C.   *Inmate Darius Wood*

Foreman also asserts that, during his confinement in the Lee County Detention Facility, inmate Wood assaulted him with a dinner tray. *Plaintiff's Complaint* at 3. An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation must have been committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). Inmate Wood's conduct   - even if Foreman's allegations are true -   is not attributable to a person acting under color of state law. Thus, the claims asserted by Foreman against inmate Wood are therefore frivolous and due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's excessive bond, false imprisonment and slander claims be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against inmate Darius Wood be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Chief of Police for the Opelika Police Department, detective Pruitt and inmate Darius Wood be dismissed as defendants in this cause of action.

4. The failure to protect and denial of religion claims lodged against defendants Jones, Tolbert and Robinson be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before 3 January 2006, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. WainForeman*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 20th day of December, 2005.

    /s/ Vanzetta Penn McPherson
    UNITED STATES MAGISTRATE JUDGE