**Exhibit A
Inmate File of Eddie L. Foreman, Jr.
Booking Sheet dated May 30, 2004**

```
                          LEE COUNTY SHERIFF'S OFFICE
05/30/2004    17:19:48         INMATE BOOKING SHEET                    PAGE    1
================================================================================
BOOKING NO: 040002557

INMATE NAME: FOREMAN EDDIE LEWIS                        RACE: B       SEX: M
        ALIAS:                                            HT: 6'00"  HAIR: BLK
        ALIAS:                                            WT: 166    EYES: BRO
      ADDRESS:                                        COMPLEX: DRK
    CITY/ST/ZIP: AUBURN, AL 36803                         SSN:
   HOME PHONE:                                         DL ST:              DLN:
          DOB:        /1973  AGE:  30                     SID:
    PLCE BIRTH: LEE CO                                   LOCID: 10899
        STATE: AL
     M. STATUS: MARRIED
      RELIGION: CHRISTIAN
   GANG ASSOC:
 SCARS/TATTOOS: NUMEROUS TATTOOS
 KNOWN ENEMIES: NONE CLAIMED
       REMARKS:
------------------------------- NEXT OF KIN ------------------------------------
  NEXT OF KIN: JOAN FOREMAN                       RELATIONSHIP: MOTHER
      ADDRESS:                                           PHONE:
   CITY/ST/ZIP: OPELIKA, AL
       REMARKS:
------------------------------ EMPLOYER INFO -----------------------------------
     EMPLOYED: N
 EMPLOYER NAME: N
      ADDRESS: N
   CITY/ST/ZIP: ,
        PHONE: 000-000-0000
-------------------------------- MEDICAL ---------------------------------------
   HANDICAPPED: N   NEEDS: N
      GLASSES: N   SMOKE: Y
 MEDICAL NEEDS: N   NEEDS: N
    PHYSICIAN: N                         PHONE: 000-000-0000
       REMARKS:

       REMARKS:
       REMARKS:
-------------------------------- PROPERTY --------------------------------------
         CASH:       $240.66
  DESCRIPTION:
 ADD. PROPERTY: STREET CLOTHING, BILLFOLD, WATCH, SET KEYS
 ADD. PROPERTY: LIGHTER, SCARF, CIGAR, PAPAER
 ADD. PROPERTY:
   BIN NUMBER: 101
 VEH IMPOUNDED:
  IMPOUND LOT:
       REMARKS:
       REMARKS:
================================================================================
 I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
 INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

 INMATE: _____ DATE: 5-30-04  TIME: 415
 BOOK OFFICER: _____ DATE: 5-30-04  TIME: 415
```

```
                              LEE COUNTY SHERIFF'S OFFICE
05/30/2004    17:19:48        INMATE BOOKING SHEET                    PAGE    2
===============================================================================
BOOKING NO: 040002557    INMATE NAME: FOREMAN EDDIE LEWIS
===============================================================================
         COURT: CIRCUIT            ATTORNEY ON REC:
         JUDGE:                          PHONE: 000-000-0000
       REMARKS:
       REMARKS:
-------------------------------------------------------------------------------
   BOOK DATE: 05/30/2004  BOOK TIME: 17:03  BOOK TYPE: NORMAL

   ARREST DATE: 05/30/2004        BOOKING OFFICER: AUSBY
   ARREST DEPT: OPD               CELL ASSIGNMENT: HC3
 ARRST OFFICER: PRUITT                  MEAL CODE: 01  LEE COUNTY
 PROJ. RLSDATE: 00/00/0000               FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: FRAZIER            CLASSIFICATION:
   TYPE SEARCH: PAT               WORK RELEASE: N
 INTOX RESULTS:

         HOLDS: N
        AGENCY:              REASON:
        AGENCY:              REASON:
        AGENCY:              REASON:
        AGENCY:              REASON:

         NOTES:
         NOTES:
         NOTES:
```

```
                         LEE COUNTY SHERIFF'S OFFICE
05/30/2004    17:19:48        INMATE CHARGE SHEET                PAGE    3
================================================================================
BOOKING NO: 040002557    INMATE NAME: FOREMAN EDDIE LEWIS
================================================================================
  CHARGE NO:  1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: 13A-8-43                # OF COUNTS:   1
     OFFENSE: ROBBERY III            WARRANT #:
      CASE #:
   BOND AMT: 100,000                      FINE:       $0.00
   BAIL AMT: 100,000
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 05/30/2004           ARST AGENCY: OPD
ARST OFFICR: PRUITT                    COUNTY: LEE
      COURT: CIRCUIT                    JUDGE: JUDGE WALKER
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS: BOND SET BY JUDGE WALKER
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

# Exhibit B
# Affidavit of Major Cary Torbert, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **EDDIE L. FOREMAN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  3:05-CV-1134-WKW** |
| | ) | |
| **SHERIFF JAY JONES, et.al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>AFFIDAVIT OF CARY TORBERT, JR.</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Cary Torbert, Jr.  I am over the age of nineteen and competent to execute this affidavit.

2.      I serve as Chief Deputy of Corrections of the Lee County Detention Facility and have obtained the rank of Major.  I have worked with the Lee County Sheriff's Department for over 32 years.

3.      I am familiar with the Plaintiff, Eddie L. Foreman, Jr., due to his incarceration in the Lee County Detention Facility.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      The Plaintiff was a pretrial detainee at all times relevant to the allegations made the basis of the Plaintiff's Complaint.

6.     It is the policy of the Lee County Sheriff's Department to allow persons incarcerated in the Lee County Detention Center the opportunity to worship in the recognized religion of their choice, receive religious counseling, and attend in-house religious programs.

7.     Religious professionals and religious volunteers who wish to provide scheduled religious programs must be cleared by the Chief Deputy Sheriff before being admitted to the Detention Center.

8.     All religious visitors are subject to search and must comply with all visitor regulations.

9.     Religious volunteers who are approved may go into the dayroom and provide ministry in general population areas to those inmates who wish to participate.

10.     Religious volunteers may also make use of the multi-purpose area in order to hold religious services.

11.     Inmates in administrative segregation may receive ministry individually only.

12.     Detention Center officials may end or limit a ministry session or limit the number of religious volunteers if necessary.

13.     Religious services may be scheduled for a set time each week.  Other services may be scheduled for other times with the Chief Deputy Sheriff's approval.  Normally, there are religious services held on Wednesdays and Sundays.  Inmates have the opportunity to request an individual religious visit for any Wednesday by filling out a request form and turning it in to any officer.

14.     If any request was made by the Plaintiff for an individual religious visit, that request would have been answered, and a copy of the answered request would have been placed in the Plaintiff's inmate file.  However, upon review of the Plaintiff's inmate file, no such form is

present.

15.    No inmate who, in the opinion of the Sheriff, Chief Deputy Sheriff, or Shift Supervisor, presents a security risk may attend religious services.   Such inmates will be allowed free access to religious counseling or conferences on an individual basis.

16.    No member of the Detention Center staff may discriminate against any inmate on the basis on that inmate's choice of religion.

17.    The Lee County Sheriff's Department will not provide any religious materials of any nature to inmates at Sheriff's Department's expense.

18.    It is the policy of the Lee County Sheriff's Department that no person be incarcerated in a situation within the Lee County Detention Center where his life or health may be threatened by another inmate when, by making the situation known to members of the Detention Center staff, he can be incarcerated elsewhere.

19.    All persons being booked into the Lee County Detention Center are given an opportunity to complete an Enemies List.

20.    The Booking Officer gives the arrestee an opportunity to make known in writing any person within the Detention Center whom he fears or has reason to believe is a threat to him in any way.

21.    If the inmate states that there is an inmate or inmates that would do him harm, Detention Center personnel will list the inmate or inmates on the Enemies List form stating the reason the new inmate feels that he is in danger.

22.    Whenever such a situation occurs, the Shift Supervisor will be notified and the new inmate will be housed away from those who he fears will cause him harm.

23.    At the time the Plaintiff was booked into the Lee County Detention Facility, the Booking Officer was required to note on the booking sheet whether or not a new inmate stated that he had knowledge of any other inmate who would cause him harm.

24.    Derode Woods, the inmate of whom the Plaintiff complains, had been convicted of Felony DUI, which is not considered a violent crime.

25.    The date that the Plaintiff was involved in a fight with Derode Woods was June 5, 2004. June 5, 2004, fell on a Saturday, and therefore I was not on duty that day. The knowledge that I have concerning this incident is gleaned from the reports attached to the affidavits of Sergeant Tabb and Corporal Cowhick. These reports are true and accurate copies of inmate records kept by me in the ordinary course of my business. I am the custodian of these records.

26.    Prior to the altercation on June 5, 2004, the Plaintiff had never asked to be separated from Derode Woods. Had the Plaintiff requested to be separated from Derode Woods, I or any other officer would have done so in accordance with the policy of the Lee County Detention Center.

27.    The inmates involved in the altercation were separated immediately after the incident and remained separated until each was either released or transferred to the Department of Corrections.

28.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Department that inmates are permitted to submit grievances and that each grievance will be acted upon. Upon request, the inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any grievances they may have. At no time, however, did the Plaintiff file any grievances concerning any of the claims made in his Complaint. Had such a grievance been

4

filed, it would have been acted upon accordingly (that is, whether an investigation was needed or simply a response made to the complaints). A copy of all grievances are filed in the inmate's file. However, there is no such grievance in the Plaintiff's inmate file. Further, there was no written request form was filed by the Plaintiff concerning the altercation with Derode Woods or the religion issue. Had the Plaintiff made a request concerning any of these matters there also would have been a response made to such complaints on the written request form, and a copy would have been placed in the Plaintiff's inmate file. However, no such request can be found in the Plaintiff's inmate file.

29.     I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

30.     All documents attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am the custodian of these records.

31.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
CARY TORBERT, JR.

**SWORN TO** and **SUBSCRIBED** before me this 27 day of January, 2006.

_____
NOTARY PUBLIC
My Commission Expires: _____

5

# Exhibit C
# Affidavit of Sheriff Jay Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

EDDIE L. FOREMAN, JR.,                    )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )    Civil Action No. 3:05-CV-1134-WKW
                                          )
SHERIFF JAY JONES, et.al.,                )
                                          )
        Defendant.                        )

<u>AFFIDAVIT OF JAY JONES</u>

STATE OF ALABAMA            )
                           )
COUNTY OF LEE              )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Jay Jones. I am over the age of nineteen and competent to execute this affidavit.

2.    I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

3.    I am familiar with the Plaintiff, Eddie L. Foreman, Jr., due to his incarceration in the Lee County Detention Facility. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    I have delegated the responsibility for the day-to-day functions of the Lee County Detention Facility to Major Cary Torbert, Jr., the Chief Deputy of Corrections of the Lee County

Detention Facility. As Sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Facility

6.      It is the policy of the Lee County Sheriff's Office to allow persons incarcerated in the Lee County Detention Center the opportunity to worship in the recognized religion of their choice, receive religious counseling, and attend in-house religious programs.

7.      Religious professionals and religious volunteers who wish to provide scheduled religious programs must be cleared by the Chief Deputy Sheriff before being admitted to the Detention Center.

8.      All religious visitors are subject to search and must comply with all visitor regulations.

9.      Religious volunteers who are approved may go into the dayroom and provide ministry in general population areas to those inmates who wish to participate.

10.     Religious volunteers may also make use of the multi-purpose area in order to hold religious services.

11.     Inmates in administrative segregation may receive ministry individually only.

12.     Detention Center officials may end or limit a ministry session or limit the number of religious volunteers if necessary.

13.     Religious services may be scheduled for a set time each week. Other services may be scheduled for other times with the Chief Deputy Sheriff's approval.

14.     No inmate who, in the opinion of the Sheriff, Chief Deputy Sheriff, or Shift Supervisor, presents a security risk may attend religious services. Such inmates will be allowed free access to religious counseling or conferences on an individual basis.

15.     No member of the Detention Center staff may discriminate against any inmate on

2

the basis on that inmate's choice of religion. Any member of the jail staff who engaged in such discrimination would be in violation of my policies.

16.    The Lee County Sheriff's Office will not provide any religious materials of any nature to inmates at Sheriff's Department's expense.

17.    It is the policy of the Lee County Sheriff's Office that no person be incarcerated in a situation within the Lee County Detention Center where his life or health may be threatened by another inmate when, by making the situation known to members of the Detention Center staff, he can be incarcerated elsewhere.

18.    All persons being booked into the Lee County Detention Center are given the opportunity to complete an Enemies List.

19.    The Booking Officer gives the arrestee an opportunity to make known in writing any person within the Detention Center whom he fears or has reason to believe is a threat to him in any way.

20.    If the inmate states that there is an inmate or inmates that would do him harm, Detention Center personnel will list the inmate or inmates on the Enemies List form stating the reason the new inmate feels that he is in danger.

21.    Whenever such a situation occurs, the Shift Supervisor will be notified and the new inmate will be housed away from those who he fears will cause him harm.

22.    In addition, at any time, an inmate may activate the buzzer in the cell or otherwise alert any officer and orally request to be moved to a different cell if that inmate feels that he is in danger of an attack. All Detention Center staff understand that an inmate's oral or written request to be moved where the inmate feels threatened is to be taken seriously. If such a request is made, that inmate is moved *immediately*.

23.    At the time the Plaintiff was booked into the Lee County Detention Facility, the Booking Officer was required to note on the booking sheet whether or not a new inmate stated that he had knowledge of any other inmate who would cause him harm.

24.    Failure to give an inmate an opportunity to complete an enemies list or having an inmate with a known enemy would violate the policies I have established for the jail.

25.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.  Upon request, the inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any grievances they may have.  If a grievance is filed, it is acted upon accordingly, (that is, whether an investigation was needed or simply a response made to the complaints).  It would be a violation of jail policy to refuse to provide an inmate with a grievance form or ignore a filed grievance.

26.    I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

27.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

4

JAY JONES

**SWORN TO** and **SUBSCRIBED** before me this 2___ day of January, 2006.

NOTARY PUBLIC

My Commission Expires:_____

MY COMMISSION EXPIRES FEB. 13, 2007

5

# Exhibit D
# Affidavit of Lieutenant Ray Roberson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **EDDIE L. FOREMAN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  3:05-CV-1134-WKW** |
| | ) | |
| **SHERIFF JAY JONES, et.al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>AFFIDAVIT OF RAY ROBERSON</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Ray Roberson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Ray Roberson.  I am over the age of nineteen and competent to execute this affidavit.

2.      I am employed with the Lee County Sheriff's Department and serve as Assistant Jail Administrator at the Lee County Detention Facility.  I have worked in the Lee County Detention Facility for twenty-three years and have obtained the rank of lieutenant.

3.      I am familiar with the Plaintiff, Eddie L. Foreman, Jr., due to his incarceration in the Lee County Detention Facility.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      It is the policy of the Lee County Sheriff's Department to allow persons incarcerated in the Lee County Detention Center the opportunity to worship in the recognized religion of their choice, receive religious counseling, and attend in-house religious programs.

6.     Religious professionals and religious volunteers who wish to provide scheduled religious programs must be cleared by the Chief Deputy Sheriff before being admitted to the Detention Center.

7.     All religious visitors are subject to search and must comply with all visitor regulations.

8.     Religious volunteers who are approved may go into the dayroom and provide ministry in general population areas to those inmates who wish to participate.

9.     Religious volunteers may also make use of the multi-purpose area in order to hold religious services.

10.    Inmates in administrative segregation may receive ministry individually only.

11.    Detention Center officials may end or limit a ministry session or limit the number of religious volunteers if necessary.

12.    Religious services may be scheduled for a set time each week.  Other services may be scheduled for other times with the Chief Deputy Sheriff's approval.  Normally, there are religious services held on Wednesdays and Sundays.  Inmates have the opportunity to request an individual religious visit for any Wednesday by filling out a request form and turning it in to any officer.  I do not ever recall the Plaintiff requesting to see Pastor James Benson, nor do I recall denying any such request.  Had the Plaintiff submitted a request for an individual religious visit, I would have answered the request and placed a copy of the request form in the Plaintiff's inmate file.

13.    No inmate who, in the opinion of the Sheriff, Chief Deputy Sheriff, or Shift Supervisor, presents a security risk may attend religious services.  Such inmates will be allowed free access to religious counseling or conferences on an individual basis.

14.    No member of the Detention Center staff may discriminate against any inmate on

2

the basis on that inmate's choice of religion.

15.    The Lee County Sheriff's Department will not provide any religious materials of any nature to inmates at Sheriff's Department's expense.

16.    It is the policy of the Lee County Sheriff's Department that no person be incarcerated in a situation within the Lee County Detention Center where his life or health may be threatened by another inmate when, by making the situation known to members of the Detention Center staff, he can be incarcerated elsewhere.

17.    All persons being booked into the Lee County Detention Center are given the opportunity to complete an Enemies List.

18.    The Booking Officer gives the arrestee an opportunity to make known in writing any person within the Detention Center whom he fears or has reason to believe is a threat to him in any way.

19.    If the inmate states that there is an inmate or inmates that would do him harm, Detention Center personnel will list the inmate or inmates on the Enemies List form stating the reason the new inmate feels that he is in danger.

20.    Whenever such a situation occurs, the Shift Supervisor will be notified and the new inmate will be housed away from those who he fears will cause him harm.

21.    At the time the Plaintiff was booked into the Lee County Detention Facility, the Booking Officer was required to note on the booking sheet whether or not a new inmate stated that he has knowledge of any other inmate who would cause him harm.

22.    The date that the Plaintiff was involved in a fight with Derode Woods was June 5, 2004. June 5, 2004, fell on a Saturday, and therefore I was not on duty that day. The knowledge that I have concerning this incident is gleaned from the reports attached to the affidavits of Sergeant Tabb and Corporal Cowhick.

3

23.    Prior to the altercation on June 5, 2004, the Plaintiff had never asked to be separated from Derode Woods. Had the Plaintiff requested to be separated from Derode Woods, I or any other officer would have done so in accordance with the policy of the Lee County Detention Center.

24.    Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Department that inmates are permitted to submit grievances and that each grievance will be acted upon. Upon request, the inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any grievances they may have. If a grievance is filed, it is acted upon accordingly, (that is, whether an investigation was needed or simply a response made to the complaints).

25.    I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

26.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_____
RAY ROBERSON

SWORN TO and SUBSCRIBED before me this 27 day of January, 2006.


_____
NOTARY PUBLIC
My Commission Expires:_____

4

# Exhibit E
# Affidavit of Joseph Matterson Cowhick

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

**EDDIE L. FOREMAN, JR.,**           )
                                      )
    **Plaintiff,**              )
                                      )
**v.**                                )    Civil Action No.  3:05-CV-1134-WKW
                                      )
**SHERIFF JAY JONES, et.al.,**        )
                                      )
    **Defendant.**              )

## AFFIDAVIT OF JOSEPH MATTERSON COWHICK

**STATE OF ALABAMA**          )
                               )
**COUNTY OF LEE**              )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Joseph Matterson Cowhick, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Joseph Matterson Cowhick.  I am over the age of nineteen and competent to execute this affidavit.

2.    I have been employed as a corrections officer with the Lee County Sheriff's Department for 6 years and have obtained the rank of corporal.

3.    I am familiar with the Plaintiff, Eddie L. Foreman, Jr., due to his incarceration in the Lee County Detention Facility.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    On June 5, 2004, at approximately 4:30 p.m., the buzzer was activated in Cell F-4.  I was informed that a fight had broken out in cell F-4 between inmates Marquez Vaughn, Derode Woods, Antonio Edwards, and Eddie Foreman.  Inmate Derode Woods was on the

floor of the cell and was obviously injured.  Therefore was he taken to the Nurse and then brought to booking for observation.  <u>See</u> Exhibit 1 attached hereto, Inmate File of Eddie Foreman, "Inmate File," Lee County Sheriff's Department Special Report dated June 5, 2004.

6.       At that time, I did not see the Plaintiff because he was in the shower.

7.       However, about thirty minutes later, the buzzer in F-4 went off again.  When I arrived at F-4, I saw inmate Eddie Foreman on the floor with a deep cut above his right eye.  I escorted Foreman to see Nurse Stewart, the Jail Nurse.  Nurse Stewart recommended that Foreman be taken to the hospital for stitches.  Therefore, Corporal Wiltsie transported Foreman to the hospital.  <u>See</u> Ex. 1.

8.       I interviewed the Plaintiff while he was at the Nurse's Station.  The Plaintiff told me and Nurse Stewart that he fell out of the shower and hit his head.  He said that he then got back up in the shower and put some grease on his hair.  Per the Plaintiff, after that he went and sat down at the table and began feeling light-headed.  He then fell to the floor feeling faint.  The Plaintiff stated that it was at that point that the officers came in and that I took him to the Nurse's Station.  <u>See</u> Ex. 1; <u>see also</u> Exhibit 2 attached hereto, Inmate File, Lee County Sheriff's Department Jail Division Inmate Interview Record.

9.       I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

10.      I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
JOSEPH MATTERSON COWHICK

**SWORN TO** and **SUBSCRIBED** before me this _26_ day of January, 2006.


_____
NOTARY PUBLIC
My Commission Expires: _____

# EXHIBIT 1
# Inmate File
# Lee County Sheriff's Department Special Report
# Dated June 5, 2004

# LEE COUNTY SHERIFF'S DEPARTMENT
## SPECIAL REPORT

Subject: _Inmate Fight_    Opelika, Ala., _June 5, 2004_

To the Sheriff of Lee County:

I report the following _Inmate Fight_

_____ which occurred at _16:30_ o'clock

this _P_ M., at _LCDC    Cell F-4_

Below give full particulars, together with name of principals and witnesses and their address.

On June 5th 2004 around 16:30 a fight broke out in F-4 between I/M's Marquez Vaugh, Derode Woods, Antonio Edwards and Eddie Foreman. I Cpl. Cowhick Had Just Relived Ofc. Griggs in Booking, So Ofc. Griggs Could Feed "C" Wing. Ofc. Griggs Soon Came to Booking So Cpl. Cowhick Could Resume Duties in the Back. I/M Derale Woods Was Brought to Booking For Observation (After He Had Been Takin To the Nurse) No Other Inmate Was Taken To the Nurse At That Time. About 17:00 F-4 Buzzer Went Off Again. All Blue Team Day Officers and Sgt. Tabbs Went To F-4 I/M Eddie Foreman Was on the Floor With A Deep Cut Above His Right Eye. Cpl. Cowhick Escorted I/M Foreman To See The Nurse. After Several Attempts To Do The Butterfly Stitch's, Nurse Stewart informed Cpl Cowhick To Take

Reported by _____

Address _____    Phone _____

Complaint Received by _____    How _____

# LEE COUNTY SHERIFF'S DEPARTMENT
## SPECIAL REPORT

Subject: _INMATE FIGHT_    Opelika, Ala., _June 5, 2004_

To the Sheriff of Lee County:

I report the following _INMATE FIGHT_

_____ which occurred at _16:30_ o'clock

this _P_ M., at _LCPC    Cell    F-4_

Below give full-particulars, together with name of principals and witnesses and their address.

Him To The Hospital For Stiches. Cpl Wiltsie Said,
"He Would Take I'm Foreman". Cpl Cownick Interviewed
I'm Foreman (Attached) And Sgt. Tabb Interviewed
I'm Woods, After Both Interviews Were Done, Sgt.
Tabb Order For Both Shifts To Lockdown I'm
Marquez Vaughn, Both Blue Team Shifts Went
To F-4 And Locked Down Marquez Vaughn E-6
Sgt. Tabb Took Pictures Of I'm Deredo Woods
Wounds And Bite Marks From The Incident.

Reported by _____

Address _____    Phone _____

Complaint Received by _____    How _____

**EXHIBIT 2**
**Inmate File**
**Lee County Sheriff's Department**
**Jail Division Inmate Interview Record**

# LEE COUNTY SHERIFF'S DEPARTMENT
## JAIL DIVISION
## INMATE INTERVIEW RECORD
(Form #27)

| Name: | FOREMAN | Eddie | | | B | M | |
|---|---|---|---|---|---|---|---|
| | Last | First | Middle | Serial # | Race | Sex | DOB: M/D/Y |

USE OF FORM:  Each interview summary should contain the following material as appropriate: recommendation made by jailer; decisions made by inmate; progress noted or other observations of jailer.  Each entry must be dated and signed by the jailer.  Use additional copies of this form if more space is needed.

| DATE OF ENTRY | SUMMARY OF INTERVIEW | SIGNATURE OF JAILER |
|---|---|---|
| | On June 5th 2004 around 17:15 I'm Eddie Foreman stated to Cpl Cowhick and Nurse Stewart that he had fell out of the Shower and hit his head, I'm Foreman stated he then got back up and got back in the shower and put some grease on his hair. He stated he then went at sat down at the table and then started feeling light-headed, he then fell to the floor feeling faint. This is when all the officers came in and Cpl Cowhick took him to the nurse's station. | |

PAGE _____