# Exhibit F
# Affidavit of Rodney D. Tabb

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EDDIE L. FOREMAN, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:05-CV-1134-WKW |
| SHERIFF JAY JONES, et.al., | ) |
| Defendant. | ) |

### AFFIDAVIT OF RODNEY D. TABB

STATE OF ALABAMA )
)
COUNTY OF LEE )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Rodney D. Tabb, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Rodney D. Tabb. I am over the age of nineteen and competent to execute this affidavit.

2. I have been employed as a corrections officer with the Lee County Sheriff's Department for over fourteen years and have obtained the rank of lieutenant.

3. I am familiar with the Plaintiff, Eddie L. Foreman, Jr., due to his incarceration in the Lee County Detention Facility.

4. I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5. At approximately 9:00 p.m. on June 5, 2004, I took statements from inmates in Cell F-4 regarding a fight that had occurred in that cell. The fight involved Derode Woods,

Eddie Foreman, and Marquez Vaughn.  See Exhibit 1 attached hereto, Inmate File of Eddie L. Foreman, "Inmate File," Lee County Sheriff's Department Special Report dated June 5, 2004.)

    6.    The first person I interviewed was Derode Woods.  He stated that he struck Foreman with a closed fist causing Foreman's injury.  However, I interviewed five other inmates, all of whom stated that Woods never hit Foreman.  See Ex. 1.

    7.    Cecil Pearson, an inmate who was housed in F-4, informed Sergeant Tabb that Derode Woods and the Plaintiff got into a physical altercation wherein Plaintiff's head was hit against the vestibule bars causing a laceration to Foreman's forehead.  Pearson informed me that the Plaintiff hit Woods with food trays, beat Woods' head into the floor, and bit Woods several times.  Pearson told me that Marquez Vaughn struck Woods as well. See Ex. 1.

    8.    Cecil Pearson also informed me that while Foreman had Woods pinned to the floor, he stuck his fingers into Woods' anus and stated, "I'm gonna f**k you in you're a** mother f**ker." See Ex. 1.

    9.    The second inmate that I interviewed, Jamerio Sutton, also informed me that Foreman penetrated Woods' anus with his finger(s) and that Foreman stated, "If you was in prison, I'd f**k you right now." See Ex. 1.

    10.    The next inmate that I interviewed, Walter Smith, also stated that Foreman stuck his hand down Woods' pants and stated "This is what they'd do to you in prison." See Ex. 1.

    11.    I interviewed two other inmates whose statements were consistent except they did not personally witness the alleged sodomy. See Ex. 1.

    12.    Because of the findings of the investigation, I ordered the Plaintiff to be placed in administrative lockdown pending a disciplinary hearing. See Ex. 1.

13. On June 15, 2004, I served the Plaintiff with a Notification of Charges stemming from the fight which occurred on June 4, 2004. See Exhibit 2 attached hereto, Inmate File, Lee County Sheriff's Department Notification of Charges dated June 14, 2004.

14. A disciplinary hearing was held on June 16, 2004. The Plaintiff pled guilty to a violation of the Lee County Detention Facility's prohibition against fighting with another inmate. The disciplinary committee recommended that the Plaintiff be placed on disciplinary lockdown with the loss of privileges for five days. See Exhibit 3 attached hereto, Inmate File, Lee County Sheriff's Department Synopsis of Major/Minor Disciplinary Hearing; see also Exhibit 4 attached hereto, Inmate File, Lee County Detention Center Disciplinary Report dated June 17, 2004.

15. I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

16. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
RODNEY D. TABB

SWORN TO and SUBSCRIBED before me this ___ day of January, 2006.

_____
NOTARY PUBLIC
My Commission Expires:_____

3

# EXHIBIT 1
# Inmate File of Eddie L. Foreman
# Lee County Sheriff's Department Special Report
# Dated June 5, 2004

# LEE COUNTY SHERIFF'S DEPARTMENT
# SPECIAL REPORT

Subject: STATEMENTS OF WITNESSES    Opelika, Ala., June 5, 2004

To the Sheriff of Lee County:

I report the following STATEMENTS BY SEVERAL INMATES IN CELL F-4 REGARDING FIGHT IN CELL (D. WOODS AND EDDIE FOREMAN) which occurred at 9:00 P.M. o'clock this _____ M., at LEE COUNTY DETENTION CENTER

Below give full particulars, together with name of principals and witnesses and their address.

ON ABOVE DATE AND TIME, I SGT TABB BEGAN TAKING STATEMENTS FROM INMATES IN CELL F-4 IN REGARDS TO A FIGHT IN THE CELL. THE FIGHT INVOLVED INMATE'S DERON WOODS, EDDIE FOREMAN AND MARQUEZ VAUGHN. THE FIRST INMATE I INTERVIEWED WAS CECIL PEARSON.

PEARSON STATED THAT INMATE'S WOODS AND FOREMAN HAD GOTTEN INTO A PHYSICAL ALTERCATION RESULTING IN AN INJURY TO FOREMAN. PEARSON STATED THAT FOREMAN'S HEAD WAS RAMMED INTO THE VESTIBULE BARS CAUSING A LACERATION TO HIS FOREHEAD. PEARSON STATED THAT FOREMAN HIT WOODS WITH FOOD TRAYS AND BEAT HIS HEAD INTO THE FLOOR. PEARSON STATED THAT FOREMAN BIT WOODS SEVERAL TIMES AND THAT INMATE MARQUEZ VAUGHN HAD STRUCK WOODS AS WELL. WHAT PEARSON SAID AFTERWARD, HOWEVER, IS THE BASIS FOR THIS ENTIRE REPORT.

PEARSON STATED THAT WHILE FOREMAN HAD WOODS PINNED TO THE FLOOR, HE STUCK HIS FINGERS INTO WOODS ANUS AND STATED, "I'M GONNA FUCK YOU IN YOUR ASS MOTHER FUCKER." PEARSON ALSO

Reported by Bobby R Hall 4305

Address _____ Phone _____

Complaint Received by _____ How _____

# LEE COUNTY SHERIFF'S DEPARTMENT
# SPECIAL REPORT

Subject: _____    Opelika, Ala., _____

To the Sheriff of Lee County:

I report the following _____
_____ which occurred at _____ o'clock

this _____ M., at _____

Below give full-particulars, together with name of principals and witnesses and their address.

STATED THAT INMATE EDDIE FOREMAN HAD CONFIDED IN HIM (PEARSON) AND TOLD HIM THAT HE WAS RESPONSIBLE FOR THE MURDER IN KING'S TRAILER PARK. PEARSON ASKED THAT I ADVISE JOHN PRUITT AT O.P.D. THAT FOREMAN HAD CONFESSED TO THE MURDER, WHICH I TOLD HIM I WOULD.

INMATE JAMERIO SUTTON, THE SECOND INMATE INTERVIEWED, AFFIRMED ALMOST EXACTLY THE SAME STATEMENT PEARSON MADE AS TO THE EVENTS AND HOW THEY TRANSPIRED. SUTTON ALSO AFFIRMED THAT WOODS WAS ANALLY PENETRATED BY FOREMAN'S FINGER(S) AND THAT FOREMAN STATED "IF YOU WAS IN PRISON, I'D FUCK YOU RIGHT NOW". SUTTON DID NOT MENTION ANYTHING REGARDING THE KING'S TRAILER PARK MURDER.

INMATE WALTER SMITH GAVE VIRTUALLY THE SAME STATEMENT, SAYING THAT FOREMAN STUCK HIS HAND DOWN WOODS PANTS AND STATED "THIS IS WHAT THEY'D DO TO YOU IN PRISON".

INMATE CHARLES MYRICK AND ROBERT HALL WERE THE LAST TWO INMATES INTERVIEWED. THEIR DETAILS OF THE EVENTS WERE

Reported by _____
Address _____  Phone _____
Complaint Received by _____  How _____

# LEE COUNTY SHERIFF'S DEPARTMENT
## SPECIAL REPORT

Subject: _____     Opelika, Ala., _____

To the Sheriff of Lee County:

I report the following _____
_____ which occurred at _____ o'clock

this _____ M., at _____

Below give full-particulars, together with name of principals and witnesses and their address.

ON PAR WITH THE OTHER STATEMENTS TAKEN. THESE TWO INMATES STATED, HOWEVER, THAT THEY DID NOT PERSONALLY WITNESS THE ALLEGED SODOMY OF INMATE WOODS.

I INTERVIEWED INMATE DERODE WOODS RIGHT AFTER THE INCIDENT OCCURRED AND BEFORE I INTERVIEWED THE ABOVE FIVE INMATES. IRONICALLY, HE STATED HE STRUCK FOREMAN WITH A CLOSED FIST, CAUSING FOREMAN'S INJURY, WHILE HIS WITNESSES STATED HE (WOODS) NEVER HIT FOREMAN. INMATE WOODS ALSO FAILED TO SAY ANYTHING ABOUT BEING SODOMIZED BY INMATE FOREMAN, WHICH THE OTHER FIVE INMATES WENT INTO DETAIL REGARDING WHAT FOREMAN ALLEGEDLY DID TO WOODS.

BECAUSE OF FOREMAN'S ACTIONS AND STATEMENTS OF WITNESSES, I INSTRUCTED CPL. WILTSIE TO LOCK FOREMAN DOWN IN CELL E-6. NOTHING FURTHER.

Reported by _____
Address _____  Phone _____
Complaint Received by _____  How _____

# EXHIBIT 2
# Inmate File of Eddie L. Foreman
# Lee County Sheriff's Department
# Notification of Charges
# Dated June 14, 2004

# LEE COUNTY SHERIFF'S DEPARTMENT
## NOTIFICATION OF CHARGES
(Form #29)

TO: FREEMAN, EDDIE L.            DATE: 6/14/04

YOU ARE HEREBY NOTIFIED THAT IT IS ALLEGED THAT YOU HAVE COMMITTED THE FOLLOWING RULE VIOLATIONS:

B-4 — FIGHTING WITH ANOTHER INMATE

YOU HAVE BEEN CHARGED WITH THESE RULE VIOLATIONS BY OFFICER(S):

SGT TABB 43DS

THE FACTS ON WHICH THESE CHARGES ARE BASED ARE:

SEVERAL INMATES IN CELL E-4 STATED YOU STRUCK INMATE DERODE WOODS CONTRIBUTING TO HIS INJURYS

THE MAXIMUM PENALTY FOR THE VIOLATION(S) IS:

10 DAYS SOLITARY LOCKDOWN IN CELL G-6 WITH 10 DAYS LOSS OF STORE AND VISITATION PRIVILEGES

YOU HAVE THE OPTION OF REQUESTING A DISCIPLINARY HEARING FOR THE ABOVE CHARGE(S) OR ACCEPTING DISCIPLINARY ACTION WITHOUT A HEARING. SHOULD YOU DESIRE A DISCIPLINARY HEARING, YOU MUST REQUEST THE HEARING IN WRITING ON THE INMATE REQUEST FORM ATTACHED TO THIS NOTIFICATION WITHIN EIGHT (8) HOURS AFTER RECEIVING THIS NOTIFICATION.

6-15-04  5:00 4                          TABB 43DS
DATE & TIME OF NOTIFICATION              OFFICER MAKING REPORT

# EXHIBIT 3
# Inmate File of Eddie L. Foreman
# Lee County Sheriff's Department Synopsis of Major/Minor Disciplinary Hearing

# LEE COUNTY SHERIFF'S DEPARTMENT
## SYNOPSIS OF MAJOR/MINOR DISCIPLINARY HEARING
(Form #30)

ALL THOSE INVOLVED IN THE CASE WERE SWORN IN BY THE CHAIRPERSON.

The Lee County Jail Disciplinary Board convened at 6-16-04 on 14:30 pm, to hear the evidence in the case involving Inmate EDDie Foreman, # 10899.

The board consisted of Chairperson Sgt. Tim Parquette and Member CPL Cowhick / CPL Hill.

The accused and Arresting Officer Sgt. R. Tabb were brought before the board.

The chairperson explained to FOREMAN that he was charged with violating Rule # B-4 of Inmate Handbook (revised August 1988).

FOREMAN was further advised that on 6-15-04 at 5:00 Am he was served with "Notice of Disciplinary Hearing" and given a copy of the notice. The chairperson explained that according to due process requirements, he must be given at least 24 hours notice of the date that the hearing will take place. Furthermore, that the hearing must be given within seven (7) calendar days of the time his custody changed and that he is to be given the opportunity to request any witnesses on his behalf. The chairperson asked Foreman if he understood due process and he replied, "yes."

The chairperson explained to FOREMAN that he was charged with violation of Rule # B-4, Fighting with Another Inmate. The chairperson asked FOREMAN if he understood the charges against him and he replied, "yes."

FOREMAN was then asked how he pled to the charge and he stated, "Guilty."

The arresting officer was asked to read his/her statement (Exhibit A) and at the conclusion the chairperson asked if he/she had anything further to add to his/her statement.

The chairperson then announced that the board would go into closed session to deliberate on the findings. All persons except those constituting the membership of the board were excused.

The board in closed session and written ballot found Inmate **FOREMAN**

Inmate **FOREMAN** and the arresting officer were called before the board and the verdict was announced. Inmate **FOREMAN** was then asked if he had any matter to submit in extenuation and mitigation and he stated, "**Explained How I/M Vaughn was Involved in The fight - That Vaughn did not Hit Woods**."

The board went into closed session on the sentence. The board recommended the following:

**Guilty - By own Admission**
**5-Days lockdown.**

The sentence was announced to Inmate **FOREMAN**. The chairperson explained the appeal process to Inmate **FOREMAN**.

Arresting Officer Recommendation:

**5 Days Lockdown - loss of all Privileges**

# EXHIBIT 4
# Inmate File of Eddie L. Foreman
# Lee County Detention Center Disciplinary Report
# Dated June 17, 2004

# LEE COUNTY DETENTION CENTER
## DISCIPLINARY REPORT
(Form #28)

Inmate: FOREMAN EDDIE LEWIS JR    Custody: MAXIMUM    Number: 10899

Assignment: CELL F-4    is being charged by: SGT. TABB

With rule violation: B-4 — FIGHTING WITH ANOTHER INMATE

on or about: 6-5-04    199___, Time: 4:00pm a.m./p.m.    Location: LCDC

Circumstances are as follows: THAT YOU WERE NAMED BY SEVERAL INMATES OF CELL F-4 AS BEING ONE OF THE INMATES RESPONSIBLE FOR INJURYS TO INMATE DERODE WOODS

MAJOR     XX
MINOR    ___
SERIOUS  ___

Signature of Arresting Officer: Becky O'Ball 6/13/05

Notifying Officer: Alphonso Walker
Time & Date notified: 6-15-04 5:00A

Inmate's Signature: [signature]
Witnesses desired: NO ✓    If YES, (List) ___

Circumstances Investigated By: Sgt. Parquette, Cpl Cowhick, Ofc Pearson.

Hearing date: 6-16-04    Time: 14:30    Plea: ✓ Guilty  ( ) Not Guilty

If guilty, inmate must affix signature ___

Committee Findings & Reasons: I/m Plead Guilty

Committee Recommendations: 5- Guilty 5Days lockdown loss of all Priv.

Witnesses: ___

Signature of Chairman: Sgt. [signature]
Signature, Member: [signature]
Signature, Member: Cpl. [signature]

Copy delivered to inmate: Date 6-17-04  Time 1300    Inmate's Signature ___
Action - Date 6/16/04    Appeal - Date (attach copy) ___
Approved: Lt Roberson 6/17/04    Approved ___
Disapproved ___    Denied ___
Other (Specify) ___    Other (Specify) ___