# Exhibit H
# <u>Brunskill v. Boyd</u>, 141 Fed. Appx. 771, 774-776 (11th Cir. 2005)

Westlaw.

141 Fed.Appx. 771                                                                                Page 1

141 Fed.Appx. 771

**(Cite as: 141 Fed.Appx. 771)**

▷

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Eleventh Circuit Rule 36-2. (FIND CTA11 Rule 36-2.)

United States Court of Appeals,
Eleventh Circuit.
Leslie Alfred BRUNSKILL, Plaintiff-Appellant,
v.
Tyrone BOYD, James Crosby, Secretary of the
Florida Department of Corrections,
Defendants-Appellees.
No. 04-15152.
Non-Argument Calendar
D.C. Docket No. 02-00403-CV-4-RH-WCS.

May 10, 2005.

**Background:** State prisoner, a Native American who practiced the Tobacco Indian religion, brought civil rights action under § 1983 against the Secretary of the Florida Department of Corrections (FDOC) and head chaplain of the FDOC, alleging violations of the First Amendment Free Exercise and Establishment Clauses, the Religious Freedom Restoration Act (RFRA), the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Equal Protection Clause of the Fourteenth Amendment. The United States District Court for the Northern District of Florida, No. 02-00403-CV-4-RH-WCS, granted summary judgment in favor of defendants, and plaintiff appealed.

**Holdings:** The Court of Appeals held that:
(1) policies of the FDOC which required inmate to

cut his hair and denied him ability to possess certain materials used for practice of his religion did not violate First Amendment or the RFRA;
(2) FDOC's policies did not violate the Establishment Clause;
(3) FDOC's policies did not violate RLUIPA;
(4) inmate failed to show that other similarly situated prisoners were treated more favorably, as would support his Equal Protection claims;
(5) prisoner failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA) to bring suit under federal law; and
(6) District Court was within its discretion in declining to exercise supplemental jurisdiction over state prisoner's state law claims.
Affirmed.

West Headnotes

**[1] Constitutional Law** ☞84.5(14)
92k84.5(14) Most Cited Cases

**[1] Prisons** ☞4(7)
310k4(7) Most Cited Cases

**[1] Prisons** ☞4(14)
310k4(14) Most Cited Cases
Policies of the Florida Department of Corrections (FDOC) which required Native American inmate to cut his hair and denied him ability to possess certain materials used to practice Tobacco Indian religion did not violate First Amendment or the RFRA, where they were rationally related to the FDOC's legitimate health, safety, and security interests, they were least restrictive means of satisfying those interests, inmate was allowed to practice his religion through alternative means, accommodating inmate's request would have negative impact on guards, inmates, and prison resources, and inmate failed to offer alternatives that were not already available that would accommodate his right while not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

141 Fed.Appx. 771                                                          Page 2

141 Fed.Appx. 771

**(Cite as: 141 Fed.Appx. 771)**

imposing more than de minimis cost to the FDOC. U.S.C.A. Const.Amend. 1; Religious Freedom Restoration Act of 1993, § 2 et seq., 42 U.S.C.A. § 2000bb et seq.; Fla.Admin.Code Ann. r. 33-602.101(4).

**[2] Constitutional Law** ⊂⇒**84.5(14)**
92k84.5(14) Most Cited Cases

**[2] Prisons** ⊂⇒**4(7)**
310k4(7) Most Cited Cases

**[2] Prisons** ⊂⇒**4(14)**
310k4(14) Most Cited Cases
Policies of the Florida Department of Corrections (FDOC) which required Native American inmate to cut his hair and denied him ability to possess certain materials used to practice Tobacco Indian religion did not violate the Establishment Clause, where policies did not embody preference for
one religious denomination over another. U.S.C.A. Const.Amend. 1; Fla.Admin.Code Ann. r. 33-602.101(4).

**[3] Prisons** ⊂⇒**4(7)**
310k4(7) Most Cited Cases

**[3] Prisons** ⊂⇒**4(14)**
310k4(14) Most Cited Cases
Florida Department of Corrections's (FDOC's) hair length policy and denial of Native American inmate's request for materials used to practice Tobacco Indian religion were least restrictive means in furthering compelling governmental interests in the security, health, and safety of inmates and staff, and, thus, did not violate the Religious Land Use and Institutionalized Persons Act (RLUIPA). Religious Freedom Restoration Act of 1993, § 2 et seq., 42 U.S.C.A. § 2000bb et seq.; Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C.A. § 2000cc-1; Fla.Admin.Code Ann. r. 33-602.101(4).

**[4] Constitutional Law** ⊂⇒**223**
92k223 Most Cited Cases

**[4] Prisons** ⊂⇒**4(7)**
310k4(7) Most Cited Cases

**[4] Prisons** ⊂⇒**4(14)**
310k4(14) Most Cited Cases
Native American inmate failed to show that other similarly situated prisoners were treated more favorably, as would support his claim that Florida Department of Corrections's (FDOC's) hair length policy and denial of his request for materials used to practice Tobacco Indian religion violated his rights under the Equal Protection Clause of the Fourteenth Amendment. U.S.C.A. Const.Amend. 14.

**[5] Civil Rights** ⊂⇒**1319**
78k1319 Most Cited Cases
State prisoner failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA) to bring suit under federal law, with respect to his equal protection claim regarding the preferential treatment of Christians and inmates of other religions, where he did not file grievances with the Florida Department of Corrections (FDOC). U.S.C.A. Const.Amend.
14; 42 U.S.C.A. § 1983; Prison Litigation Reform Act of 1995, § 7 et seq., 42 U.S.C.A. § 1997e et seq.

**[6] Federal Courts** ⊂⇒**18**
170Bk18 Most Cited Cases
District Court was within its discretion in declining to exercise supplemental jurisdiction over state prisoner's state law claims against the Secretary of the Florida Department of Corrections (FDOC) and head chaplain of the FDOC, where no federal claims remained in the suit.

**[7] Civil Rights** ⊂⇒**1445**
78k1445 Most Cited Cases
District Court was within its discretion in denying state prisoner's motion for appointment of counsel, in prisoner's civil rights action against the Secretary of the Florida Department of Corrections (FDOC) and head chaplain of the FDOC, where exceptional circumstances did not exist, since core facts of the case were not in dispute and the legal claims were straightforward. 42 U.S.C.A. § 1983.
***772** Leslie Alfred Brunskill, Century, FL, for Plaintiff-Appellant.

Sean F. Callaghan, Office of the Attorney General,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Tallahassee, FL, for Defendants-Appellees.

Appeal from the United States District Court for the Northern District of Florida.

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM.

Leslie Alfred Brunskill, a Florida prisoner proceeding *pro se,* initiated this suit, pursuant to 42 U.S.C. § 1983, against James Crosby, Secretary of the Florida *773 Department of Corrections (FDOC), and Tyrone Boyd, head chaplain of the FDOC. He appeals the following:

   I. The district court's grant of summary judgment on his claims alleging violations of the First Amendment Free Exercise and Establishment Clauses, the Religious Freedom Restoration Act ("RFRA"), Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Establishment Clause as a result of FDOC policies that require inmates maintain no longer than medium length hair, that deny him the ability to possess materials needed to practice his religion, and that establish a Native American religious program;

   II The dismissal, for failure to exhaust administrative remedies, of his Equal Protection claim that Christians and inmates of other religious faiths receive more favorable treatment;

   III. The district court's decision not to exercise supplemental jurisdiction over his state law claims; and

   IV. The denial of his request for appointment of counsel

For the reasons discussed below, we affirm.

**I.**

Brunskill is a Native American that practices the Tobacco Indian religion. It is against his religious belief to cut or allow another to cut or touch his hair except in the case of the loss of a loved one. The FDOC's grooming policy, however, requires inmates to maintain medium length hair. As a result of this hair policy, Brunskill is required to cut his hair, despite his religious beliefs. Additionally,

Brunskill requested permission to possess materials such as tobacco, sage, cedar, sweetgrass, beads, leather, thread, needles, and feathers (collectively referred to as "religious materials"). He indicated that these materials were necessary for the practice of his religion. The FDOC, however, denied his request for security, health, and safety reasons. In an effort to accommodate inmates that practice a Native American religion, the FDOC formed a Native American religious program to provide its staff and inmates with guidelines to better enable inmates to practice their faith.

On appeal, Brunskill asserts that the FDOC's policies, which require him to cut his hair and deny him the ability to possess the requested religious materials, are unconstitutional prior restraints on the exercise of his religion. He contends that non-Indians "who are not similarly situated to 'natives' " are allowed to exercise and obtain religious materials for the Native American religion, but he is not. He asserts that the FDOC's Native American religion program is an unconstitutional establishment of religion. He contends that the district court failed to address his RLUIPA claims and his allegation that the FDOC retaliated against him for filing grievances and a lawsuit.

As a preliminary matter, although Brunskill asserts that the district court failed to address his allegations that he was retaliated against because he filed grievances and this lawsuit, Brunskill did not assert this claim in his complaint. The district court's order addresses all of the claims presented by Brunskill in his complaint.

We review a district court's grant of summary judgment *de novo. United States v. Gilbert,* 920 F.2d 878, 882 (11th Cir.1991). Summary judgment is appropriate only if the pleadings and evidence in the record demonstrate that there is no *774 genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). On summary judgment, the reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

141 Fed.Appx. 771

141 Fed.Appx. 771

**(Cite as: 141 Fed.Appx. 771)**

*Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-588, 106 S.Ct. 1348, 1356-1357, 89 L.Ed.2d 538 (1986). "The nonmoving party, however, must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Gilbert,* 920 F.2d at 882 (internal quotations omitted). "In the summary-judgment context, we construe *pro se* pleadings more liberally than those of a represented party." *Loren v. Sasser,* 309 F.3d 1296, 1301 (11th Cir.2002). To prevail in a civil rights action under § 1983, a plaintiff must show he was deprived of a federal right by a person acting under color of state law. *Griffin v. Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir.2001).

**A. First Amendment Free Exercise Clause**

The First Amendment, made applicable to the states through the Fourteenth Amendment, provides in pertinent part that Congress shall make no law prohibiting the free exercise of religion. U.S.C.A. Const. Amend. 1; *Elk Grove Unified School District v. Newdow,* 542 U.S. 1, 124 S.Ct. 2301, 2307 n. 4, 159 L.Ed.2d 98 (2004). Prisoners retain their First Amendment rights, including rights under the free exercise of religion clause; however, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987). Deference is given to prison officials, and, as a result, courts employ a "reasonableness" test to determine whether a regulation infringes constitutional rights. *Id.* at 349, 107 S.Ct. 2400.

The Supreme Court in *Turner v. Safley,* 482 U.S. 78, 89-91, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987), established four factors to be considered in determining the reasonableness of a regulation: (1) "whether the regulation has a valid, rational connection to a legitimate governmental interest;" (2) "whether alternative means are open to inmates to exercise the asserted right;" (3) "what impact an accommodation of the right would have on guards and inmates and prison resources;" and (4) "whether there are ready alternatives to the regulation." The

fourth factor considers whether "a prisoner has pointed to some obvious regulatory alternative that fully accommodates the asserted right while not imposing more than a *de minimis* cost to the valid penological goal." *Overton v. Bazzetta,* 539 U.S. 126, 136, 123 S.Ct. 2162, 2169, 156 L.Ed.2d 162 (2003).

Rule 33-602.101(4) of the Florida Administrative Code provides in pertinent part that: "Male inmates shall have their hair cut short to medium uniform length at all times with no part of the ear or collar covered."

In *Harris v. Chapman,* 97 F.3d 499, 503-504 (11th Cir.1996), applying a strict scrutiny standard pursuant to the RFRA, we determined that a nearly identical FDOC hair length policy did not violate the First Amendment and RFRA since it furthered a compelling governmental interest in security and order in the prisons, and the policy was the least restrictive means of satisfying the governmental interest. The provision at issue in *Harris,* stated, in pertinent part, that: "[m]ale inmates shall have their hair cut short to medium length at all times with no part of the ear or collar covered." *Id.* at 501-502. In *Harris,* we employed a higher standard *775 than the more deferential "reasonableness" test discussed in *O'Lone.*

[1] Because we have determined, under a more stringent standard of review, that an almost identical FDOC policy did not violate constitutionally protected religious freedoms, the district court, in this case, did not err in determining that Boyd and Crosby were entitled to judgment as a matter of law. Additionally, the district court did not err in granting summary judgment on Brunskill's First Amendment religious materials claim since Brunskill failed to offer evidence that would rebut the defendants' argument that: (1) the denial of Brunskill's request for materials was rationally related to the FDOC's legitimate health, safety, and security interests; (2) despite the denial of his request, he is allowed to practice his religion through alternative means; (3) accommodating his request would have a negative impact on guards, inmates and prison resources; and (4) he offered

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

141 Fed.Appx. 771

141 Fed.Appx. 771

**(Cite as: 141 Fed.Appx. 771)**

regulatory alternatives that are not already available that would accommodate his right while not imposing more than a *de minimis* cost to the FDOC.

**B. Establishment Clause**

The Establishment Clause of the First Amendment states, "Congress shall make no law respecting an establishment of religion." U.S.C.A. Const. Amend. 1. "This restriction has been made applicable to states, as well as state-created entities and their employees, through the Due Process Clause of the Fourteenth Amendment." *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1284 (11th Cir.2004). "The Establishment Clause applies not only to state statutes, but acts and decisions of individual government actors ..." *Id.*

*Lemon v. Kurtzman,* 403 U.S. 602, 612-613, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971), sets forth three factors for use in determining whether the FDOC's Native American program is permissible under the Establishment Clause: (1) whether the program has a secular non-legislative purpose; (2) whether the principal or primary effect is one that neither advances nor inhibits religion; and (3) whether the statute fosters an excessive government entanglement with religion. "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." *Glassroth v. Moore,* 335 F.3d 1282, 1299 n. 3 (11th Cir.2003) (internal quotations omitted).

[2] The district court did not err in granting summary judgment on Brunskill's Establishment Clause claim since Brunskill offered no evidence that the FDOC demonstrated preference for one religious denomination over another and did not rebut Boyd and Crosby's assertion that the FDOC's program satisfies the *Lemon* test.

**C. RFRA and RLUIPA**

In *City of Boerne v. Flores,* 521 U.S. 507, 536, 117 S.Ct. 2157, 2172, 138 L.Ed.2d 624 (1997), the Supreme Court held that the RFRA was unconstitutional as applied to the states because it exceeded Congress's power under § 5 of the

Fourteenth Amendment. Thus, the RFRA does not apply to state regulations or state actors.

The RLUIPA, on the other hand, is constitutional and does apply to the states. *Benning v. Georgia,* 391 F.3d 1299, 1303 (11th Cir.2004). "Section 3 of the RLUIPA applies strict scrutiny to government actions that substantially burden the religious exercise of institutionalized persons." *Id.* at 1303. The government must show that the imposition of the burden furthers a compelling governmental interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1.

**\*776** [3] The district court did not err in determining that Boyd and Crosby were entitled to judgment as a matter of law on Brunskill's claims under the RFRA since the RFRA is no longer applicable to the states. Additionally, the district court did not err in granting summary judgment on Brunskill's RLUIPA claims since the hair length policy and denial of his request for religious materials are the least restrictive means in furthering compelling governmental interests in the security, health, and safety of inmates and staff. Furthermore, Brunskill failed to show that the denial of his requested religious materials substantially burdened the exercise of his religion.

**D. Equal Protection Claims**

"To establish an equal protection claim, a prisoner must establish that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir.2001).

[4] The district court did not err in granting summary judgment on Brunskill's Equal Protection claims regarding the hair length policy and denial of the requested religious materials. Brunskill failed to establish an equal protection claim as he offered no evidence that other similarly situated prisoners were treated more favorably.

**II.**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

141 Fed.Appx. 771                                                                    Page 6

141 Fed.Appx. 771

**(Cite as: 141 Fed.Appx. 771)**

Next, Brunskill appeals the denial of his equal protection claim asserting that the FDOC was more accommodating to Christians and other religious faiths. He asserts that the district court erred in determining that he failed to exhaust administrative remedies and did not address his contention that exhaustion of administrative remedies would have been ineffective or futile, and unavailable as a result of state and federal rulings in prior cases.

We review a district court's dismissal for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA) *de novo. Alexander v. Hawk,* 159 F.3d 1321, 1323 (11th Cir.1998). Pursuant to section 1997(e) of the PLRA, a prisoner cannot bring a suit under any federal law until the prisoner has exhausted all available administrative remedies. *Id.* The PLRA applies to both state and federal prisoners. *Id.* at 1324. Because Congress specifically mandated administrative exhaustion, there is no futility exception. *Id.* at 1325-1326. Additionally, "available administrative remedies" does not mean that the administrative remedies must be adequate. *Id.* at 1326.

[5] Because Brunskill did not file grievances with the FDOC regarding the preferential treatment of Christians and inmates of other religions, he failed to administratively exhaust this claim and the district court did not err in dismissing it.

**III.**
Brunskill also disputes the district court's decision declining to exercise federal jurisdiction over his state law claims.

We review a district court's decision to exercise supplemental jurisdiction over state law claims for an abuse of discretion. *See Raney v. Allstate Insurance Co.,* 370 F.3d 1086, 1088-1089 (11th Cir.2004). "We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Id.* at 1089.

[6] Since no federal claims remained in the suit, the district court did not abuse its discretion in declining to exercise supplemental*777 jurisdiction

over Brunskill's state law claims.

**IV.**
During the course of the proceedings below, Brunskill requested appointment of counsel. The court denied his request without prejudice, stating that it would determine the complexity of the issues involved in the case and would, on its own motion, appoint counsel at a later time if necessary. The court again denied Brunskill's request upon his motion to reconsider. On appeal, Brunskill asserts that the district court failed to address or make a reasonable ruling regarding his motion to appoint counsel.

We review a district court's motion to appoint counsel for an abuse of discretion. *United States v. Berger,* 375 F.3d 1223, 1226 (11th Cir.2004). A plaintiff in a civil case does not have a constitutional right to counsel, and the court should only appoint counsel in exceptional circumstances. *Bass v. Perrin,* 170 F.3d 1312, 1320 (11th Cir.1999) .

[7] Because exceptional circumstances did not exist in this case since the core facts of the case were not in dispute and the legal claims were straightforward, the district court did not abuse its discretion in denying Brunskill's motion for appointment of counsel.

Upon review of the record on appeal and consideration of the parties' briefs, we find no reversible error. For the above reasons, we affirm the district court's decision.

**AFFIRMED.**

141 Fed.Appx. 771

**Briefs and Other Related Documents (Back to top)**

• 2005 WL 2496227 (Appellate Brief) Appellees' Corrected Answer Brief (Jan. 27, 2005)Original Image of this Document (PDF)

• 04-15152 (Docket) (Oct. 07, 2004)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

141 Fed.Appx. 771                                                                                  Page 7

141 Fed.Appx. 771

**(Cite as: 141 Fed.Appx. 771)**

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.